UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-20072-GAYLES

**SHANIQUA BELMONTES**,

    Plaintiff,

v.

**CARNIVAL CORPORATION**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"). [ECF No. 22]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is **GRANTED**.

## BACKGROUND[1]

### I.  Factual Background

This action arises from injuries that Plaintiff Shaniqua Belmontes alleges she sustained while aboard Defendant Carnival Corporation's vessel, the *Liberty*. [ECF No. 21]. On January 16, 2023, Plaintiff boarded the *Liberty*. Her stateroom "appeared as if it had not been cleaned at all as there were dirty towels in the bathroom, dirty sheets, and feminine sanitary pads in the bathroom." [ECF No. 21 ¶ 12]. Plaintiff reported the condition of her room to Defendant but did not receive a copy of the report. *Id.* The next day, Plaintiff was startled after seeing a cockroach in her stateroom,

---

[1] As the Court proceeds on a motion to dismiss, it accepts the allegations in Plaintiff's Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

tripped over a chair, hit the desk, and fell to the floor.[2] *Id.* ¶ 9. After her fall, Plaintiff saw cockroaches nesting behind the lighting panel in her stateroom. *Id.* ¶ 14.

Plaintiff alleges that Defendant's lack of sanitary procedures for the vessel caused a dangerous condition—namely the cockroaches in her stateroom. *Id.* ¶ 11. Plaintiff also alleges that Defendant had actual or constructive notice of this purportedly dangerous condition based on the presence of the cockroaches behind the lighting panel in her stateroom and the overall unsanitary conditions of her stateroom. *Id.* ¶ 14. Plaintiff further contends that Defendant knew, or should have known, that cockroaches are a risk to patrons and could cause injury because "cockroaches are known to be one of the most frightening pests in the world." *Id.* ¶ 15.

## II. Procedural History

On January 9, 2024, Plaintiff filed this action against Defendant. [ECF No. 1]. Defendant moved to dismiss the Complaint; and, on April 23, 2024, the Court granted the motion and dismissed Plaintiff's Complaint for failure to adequately allege actual or constructive notice. [ECF No. 18]. On May 3, 2024, Plaintiff filed her First Amended Complaint. [ECF No. 21]. Defendant now moves to dismiss.

## **LEGAL STANDARD**

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are

---

[2] Plaintiff included a photo of the cockroach in the Amended Complaint.

not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Therefore, a complaint that merely presents "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.* (internal quotation omitted).

## **ANALYSIS**

To bring a maritime negligence claim, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citation omitted). "This standard requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of a risk creating condition . . . ." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (internal quotation omitted). Therefore, "a shipowner's actual or constructive knowledge of the hazardous condition arises as part of the duty element in a claim seeking to hold the shipowner directly liable for its own negligence." *Id.* "Actual notice exists when the defendant knows of the risk creating condition." *Bujarski v. NCL*, 209 F. Supp. 3d 1248, 1250 (S.D. Fla. 2016). "Constructive notice arises when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Id.* (internal quotation omitted). "Alternatively, a plaintiff can establish constructive notice with evidence of substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022) (internal quotation omitted).

Here, Plaintiff fails to allege with sufficient particularity that Defendant had actual or constructive notice of the dangerous condition that caused her injury. Indeed, most of Plaintiff's allegations regarding notice are conclusory and lack any detail about how Defendant knew or should have known that the dangerous condition existed. With respect to actual notice, Plaintiff's only allegation is that she notified Defendant that her room was dirty when she first boarded the vessel. However, she did not report the presence of cockroaches. Indeed, Plaintiff alleges that she did not see the cockroach until the day after she made the report. Therefore, Plaintiff's allegations are insufficient to show that Defendant had actual notice of the existence of cockroaches in her stateroom.

To establish constructive notice, Plaintiff must allege "substantially similar incidents" or that the condition existed for a sufficient amount of time that the shipowner must have known the dangerous condition existed. *Newbauer*, 26 F.4th at 935; *Bujarski*, 209 F. Supp. 3d at 1250. Plaintiff does not identify another incident involving cockroaches, or even unsanitary conditions (aside from one general footnote),[3] to show substantially similar incidents onboard the *Liberty*. The Amended Complaint is also devoid of allegations as to how long the cockroach was in the stateroom or how long the unsanitary conditions existed.[4] As a result, Plaintiff fails to plausibly allege constructive notice and her single negligence claim must be dismissed.

---

[3] The footnote generally alleges that Defendant was found "in violation of proper maintenance [] in 2016 by the CDC." [ECF No. 21 n. 2].

[4] The Court notes that the Amended Complaint does not adequately allege that the purported unsanitary conditions in the room—dirty towels and bedsheets and unemptied trash—were the cause of a cockroach entering her room. Indeed, even if Plaintiff had adequately alleged that Defendant was on notice of the dirty room, that does not mean that Defendant had constructive notice of the presence of a cockroach.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, [ECF No. 21], is **GRANTED.**

(2) The Amended Complaint is dismissed without prejudice.

(3) This case is **CLOSED**, and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of October 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE